| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| SAMPSON PEARSON, JR., ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion to Amend/Correct Count Six of the Bill of Indictment, (Doc. No. 50), and on the Government's Motion to Amend/Correct Count Eight of the Bill of Indictment, (Doc. No. 52).

### I.  BACKGROUND

Counts Six through Nine of the Bill of Indictment charge Sampson Pearson with filing false tax returns in violation of 26 U.S.C. § 7206(1). The Bill of Indictment alleges that Defendant substantially underreported his total income for the calendar years 2013 (Count Six), 2014 (Count Seven), 2015 (Count Eight), and 2016 (Count Nine). The Bill of Indictment also alleges the date on or about which Defendant signed the tax returns.

The Government asserts that Count Six correctly alleges that the calendar year 2013 tax return was charged and specifically identifies the line item that is purported to be false; namely, a total income of $49,304.76 as stated on Line 22 of Defendant's 2013 tax return. Count Six, however, sets forth the date Defendant signed his 2013 tax return as "on or about April 15, 2014," when the signature date appearing on the return is October 13, 2013.

1

The Government further asserts that Count Eight correctly alleges that the calendar year 2015 tax return was charged and specifically identifies the line item that is purported to be false; namely, a total income of $46,495.89 as stated on Line 22 of Defendant's 2016 tax return. Count Eight, however, sets forth the date Defendant signed his 2015 tax return as "on or about April 15, 2016," when the signature date appearing on the return is April 15, 2017.

The Government therefore moves to amend the Indictment to correct these errors.

**II.	DISCUSSION**

The Fourth Circuit has been clear that "[w]hen a court is considering a constructive amendment claim, it is the <u>broadening</u> [of the bases for the defendant's conviction] that is important—nothing more." <u>United States v. Allmendinger</u>, 706 F.3d 330, 339 (4th Cir. 2013) (emphasis and alteration in original). "To constitute a constructive amendment, the variance must in essence change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." <u>United States v. Ashley</u>, 606 F.3d 135, 141 (4th Cir. 2010) (quotation omitted).

The elements of a violation of 26 U.S.C. § 7206(1), as charged in Counts Six and Eight, are that (1) the defendant made and subscribed to a tax return containing a written declaration; (2) the tax return was made under penalties of perjury; (3) the defendant did not believe the return to be true and correct as to every material matter; and (4) the defendant acted willfully. <u>United States v. Aramony</u>, 88 F.3d 1369, 1382 (4th Cir. 1996). The date the tax return was signed is not an essential element of Count Six or Count Eight; the crime of filing false tax returns may occur regardless of the date the return was signed. Accordingly, the alleged signing date is surplusage that may be corrected. <u>See</u> <u>United States v. Goldstein</u>, 502 F.2d 526, 528 (3d Cir. 1974) (stating, in § 7206(1) case, that "[o]rdinarily, a mere change in dates is not considered

2

a substantial variation in an indictment, but an exception exists when a particular day may be made material by the statute creating the offense[,]" such as when the change in dates results in the conduct no longer being criminal).

Courts have held that "[u]nless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations." United States v. Folks, 236 F.3d 384, 391 (7th Cir. 2001); United States v. Harris, 344 F.3d 803, 805 (8th Cir. 2003). Indeed, the Fifth Circuit has held that "[a] five-month variance between the date alleged and the date proved is not unreasonable as a matter of law as long as the date proven falls within the statute of limitations and before the return of the indictment." United States v. Girod, 646 F.3d 304, 316–17 (5th Cir. 2011).

The Government notes, and the Court agrees, that correcting the signing dates in Counts Six and Eight remains within the six-year statute of limitations for § 7206(1) violations under 26 U.S.C. § 6531(5), and thus would not constitute a constructive amendment. Moreover, there is neither risk that Defendant may be convicted of a crime not charged in the Indictment nor fair notice concerns. Counts Six and Eight correctly allege the tax years at issue, the line of the return that is purportedly false, and the specific amount stated in that line. Defendant was provided copies of the 2013 and 2015 tax returns, account transcripts, and other IRS documents in which he was able to confirm the allegations of Counts Six and Eight. Additionally, the Court's jury instructions will reflect the amended date such that the jury could not convict Defendant of conduct not charged in the Indictment.

An amendment is appropriate here as amending the signature dates in Counts Six and Count Eight of the Bill of Indictment merely corrects an erroneous factual allegation and does not constructively amend the Indictment, as the signature date is not an element of the charged

3

offense. For the reasons stated, the Court **GRANTS** the Government Motions to Amend the Indictment. (Doc. Nos. 50, 52).

The Indictment shall be deemed hereby amended to correct the signing date alleged in Count Six to October 13, 2013, and to correct the signing date alleged in Count Eight to April 15, 2017.

Signed: September 20, 2021

Max O. Cogburn Jr.
United States District Judge